UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WINDWARD BORA LLC,

                        Plaintiff,                                     **REPORT AND**
                                                               **RECOMMENDATION**
          -against-                                           CV 18-1770 (DRH) (ARL)

IBRAHIM TEKIN, et al.,

                        Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation with regard to the motion of the plaintiff, Windward Bora LLC ("Windward"), for a default judgment of foreclosure and sale as against the defendant, Ibrahim Tekin ("Tekin"). For the reasons set forth below, the undersigned respectfully recommends that Windward be awarded a judgment of foreclosure and sale against Tekin, under the supervision of a referee to be selected by Judge Hurley, reflecting the following amounts to be awarded to Windward: the principal sum of $46,918.75, interest from June 2, 2014 to January 28, 2020, in the amount of $35,324.60, plus $17.35 per day in interest from January 28, 2020 to the date of the entry of the order, for a total award before the per diem interest of $82,243.35.

## BACKGROUND

      The following facts are taken from the complaint and the papers submitted in support of the motion for a default judgment.

      **A.     Factual Averments**

      Windward commenced this action on March 22, 2018, seeking to foreclose on a residential mortgage encumbering the property commonly known as 85 Wading River Road,

Center Moriches, New York 11934 (the "Property").[1]  ECF No. 1.  Windward is a limited liability company organized under the laws of the State of Delaware.  Comp. ¶ 2.  Tekin is the borrower of the loan and mortgagor under a mortgage dated May 30, 2006, made by Tekin to Mortgage Electronic Registration Systems Inc. as Nominee for Opteum Financial Services LLC, to secure the sum of $48,650.00 and interest.  *Id*. ¶ 4, Weinreb Decl. ¶ 2.  The mortgage and note were recorded on June 13, 2006 in the Suffolk County Clerk's Office in Liber M 21316 at Page 810.  *Id.*  The mortgage and note were then assigned through *mesne* endorsements and allonges to Windward.  Compl. ¶¶ 12-3; Exs. B, C.

According to the complaint, in March 2008, Tekin defaulted on the loan by failing to make monthly payments.  *Id.* ¶ 16.  However, Yonel Devico, Windward's sole member, states in his affidavit that based on his review of the business records, the loan is only due for payment as of August 2, 2014.  Devico Aff. ¶ 7.  In either case, on November 7, 2017, after Winward was assigned the loan, Windward served Tekin with a default notice advising of a possible acceleration of the loan by virtue of the continuing default.  *Id.* ¶ 17.  The default notice provided Tekin with 30 days to cure the default:

> As of November 7, 2017, the following sums are in arrears:
>
> Due P&I: 64,641.00
> Calculated Late Charges: 345.65

---

[1] Windward filed a Certificate of Merit pursuant to CPLR 3012-B on the same day that the Summons and Complaint was filed.

>Unpaid Late Charges: $44.60
>FCL/Bank Fee Balance: $297.00
>Total Due: $65,328.25
>
>On or before December 7, 2017, you must submit payment by bank check, money order, or certified funds of the total arrears to: Windward Bora LLC. Any payment(s) and late charge(s), that come due in the interim must also be included.   Prior to submitting payment, you may wish to call Windward Bora LLC to verify the exact amount.
>
>Failure to correct the default by December 7, 2017 may result in acceleration of your loan.   Upon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced.   In foreclosure proceedings, we are entitled to collect the total debt in addition to any expenses and costs of the foreclosure including but not limited to reasonable attorneys' fees, where so provided by the terms of the mortgage.

*Id.*   In compliance with RPAPL §1304, a 90 day pre-foreclosure notice was also mailed to Tekin, via first class and certified mail, to his address at 85 Wading River Road, Center Moriches, New York 11934.   *Id.*   The 90 day pre-foreclosure notice stated:

>November 7, 2017
>
>LOAN NO:   218999
>
>PROPERTY ADDRESS:   85 Wading River Road, Center Moriches, NY 11934
>
>Dear Borrower:
>
>Ibrahim Tekin                       70170530000071901003
>85 Wading River Road
>Center Moriches, NY 11934
>
>YOU MAY BE AT RISK OF FORECLOSURE.   PLEASE READ THE

3

>  FOLLOWING NOTICE CAREFULLY.
>
>  As of November 7, 2017, your home loan is 3,538 days and $65,328.25 dollars in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home.
>
>  \*          \*          \*
>
>  If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)

*Id.* The pre-foreclosure letter listed at least five (5) housing counseling agencies Tekin could contact. *Id.* Finally, the same day the notices were mailed to Tekin, Windward complied with the RPAPL 1306(2) registration requirements. *Id.* ¶ 9. Despite such notice, Tekin failed to respond. The default continues to date. *Id.*

On April 19, 2018, Winward filed a Notice of Pendency. ECF No. 10. According to Windward's counsel, since their respective filings, neither the Notice of Pendency nor the Complaint have been amended in any way. Weinreb Decl. ¶ 6. 8. As of January 28, 2020, the principal sum of $46,918.75, plus accrued interest of $35,324.60 is due and owing. Devico Aff. ¶ 9.

### B.   Procedural Background

On March 30, 2018, Windward provided Alstate Process Service, Inc. ("Alstate") with a copy of the Summons and Complaint, Certificate of Merit, 1320 Notice and 1303 Notice from his firm. ECF No. 16-2. Upon receipt, an agent of Alstate attempted service on Tekin at the

Property but found the address to be a vacant lot. *Id.* On April 11, 2018, Rosemary LaManna ("LaManna"), President of Alstate, submitted a request to the Postmaster of Center Moriches seeking to obtain a new address for Tekin and was advised that he was "Not Known at the Address" despite the fact that Tekin had listed the 85 Wading River Road as his address on his license. *Id.*

In April 2018, an agent of Alstate then conducted a skip search for Tekin and obtained another possible address, that being, 27 Musket Drive, Shirley, New York 11967. *Id.* On April 11, 2018, LaManna contacted the Shirley Post Office and was advised that no change of address was on file for Tekin. *Id.* Accordingly, on April 23, 2018, LaManna mailed a copy of the first page of the proceedings to Tekin at the Shirley address with instructions that he contact Alstate. *Id.* Tekin failed to make contact despite the fact that the mailing had not been returned. *Id.*

Still, LaManna took several additional steps to locate Tekin. Specifically, on or about April 30, 2018, LaManna submitted a formal request with the Suffolk County Board of Elections for information, which also revealed no record of voter registration on file for Tekin. *Id.* On or around May 15, 2018, LaManna received a letter from the Suffolk County Surrogate's Court confirming that no record of a will or letters of administration for Tekin had been filed. *Id.* In addition, on May 18, 2018, LaManna conducted an online search of the Department of Defense Manpower Data Center, which revealed that Tekin was not currently on active military duty. *Id.* Then, on May 30, 2018, LaManna obtained additional telephone listings for Tekin from

5

another skip search and had her agent call 631-288-0865, 631-281-3959, 631-998-3033, 631-772-2898 and 631-255-8102.  *Id.*   631-288-0865 and 631-281-3959 were disconnected. *Id.*   631-998-3033 and 631-772-2898 were working numbers but no one answered and neither line had an answering machine.  *Id.*   A person did answer the phone at 631-255-8102 but Tekin was unknown to that person.  *Id.*

With no further information as to his whereabouts, on June 1, 2018, an agent of Alstate personally visited the Shirley address and was advised by the current occupant that Tekin was unknown at the address.  *Id*.   Ultimately, at Windward's counsel's behest, an agent from Alstate returned to 85 Wading River Road and confirmed once again that the address was a vacant lot.  *Id.*   Two days later, that same agent returned to the Shirley address and the current occupant, Ms. Courtney, repeated that she did not now Tekin and had resided at the address for several years.  *Id.*

As such, on June 14, 2018, Windward moved, by Order to Show Cause, for permission to serve Tekin by publication.  ECF No. 12.   On March 19, 2019, District Judge Hurley denied the motion on the ground that plaintiff had not provided a reason why Windward needed to proceed on an expedited basis and could not proceed by regular motion.   In that same order, the Court granted Windward leave to refile the application by Notice on Motion, which it did.   On August 19, 2019, Windward filed the renewed motion, which was granted by the undersigned on August 3, 2019.   ECF No. 20.

On January 21, 2020, counsel for Windward filed an affidavit of publication with the Court reflecting that a Public Notice had been published in the Brookhaven Review on October 31, 2019, November 7, 2019, November 14, 2019 and November 21, 2019.  ECF No. 22.  That same day, Windward requested that the Clerk of this Court enter a Certificate of Default against all of the defendants.  ECF No. 23.  On January 27, 2020, the Clerk of the Court entered a certificate of default against Tekin and against Citibank South Dakota NA and Advantage Assets II Inc., who were named as necessary party defendants because they are judgment creditors.  On February 10, 2020, Windward filed the instant motion for a default judgment of foreclosure and sale.  ECF No. 27.  That motion was referred to the undersigned on February 11, 2020.

## DISCUSSION

### A.   Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a default judgment is made to the district court judge.  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are

deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged."  *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).   The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

      **B.**     **Liability**

      1.     Claims Against Tekin

Usually, "[o]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."  *United States v. Leap*, CV 11–4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), Report and Recommendation adopted by, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014).   Here, Windward has presented the requisite documentation including the mortgage, the note, and the notice of

8

default, to establish a prima facie case. Tekin has not made an affirmative showing to overcome the plaintiff's prima facie case. Therefore, it is respectfully recommended that a default judgment should be entered against Tekin.

    2.    Claims Against Citibank South Dakota NA and Advantage Assets II Inc.

As stated above, the complaint names Against Citibank South Dakota NA and Advantage Assets II Inc., as defendants because they are alleged to have an interest in the subject property. Compl. ¶¶ 5-6. RPAPL § 1311 provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. RPAPL § 1311(3). "This rule 'derives from the underlying objective of foreclosure actions -- to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (quoting *N.C. Venture I, L.P. v. Complete Analysis, Inc.,* 22 A.D.3d 540, 803 N.Y.S.2d 95, 98 (2d Dep't 2005)). Courts in this district have found that entry of default judgment "is appropriate where the complaint alleges 'nominal liability -- i.e., that any judgments the Defaulting [d]efendants may have against [the debtor], if liens on the mortgaged property, are subordinate to the [plaintiff's] lien.'" *Id*. (quoting *Christiana Bank & Trust Co. v. Dalton*, No. 06-CV-3206, 2009 WL 4016507, at *5 (E.D.N.Y. Nov.17, 2009)). Here, the complaint contains well-pleaded allegations of nominal liability on

9

the part of the non-mortgagor defendants. Compl. ¶¶ 5-6. The undersigned, therefore, respectfully recommend that a default judgment be also entered Citibank South Dakota NA and Advantage Assets II Inc.,

### C. Damages

Windward seeks $46,918.75 in principal owed on the note and interest at a rate of 13.5% from July 2, 2014 through January 28, 2020, amounting to $35,324.60 in interest. *See* Devico Aff. ¶ 9. In support of its claim for damages, Windward has submitted the Affidavit of Yonel Devico, the sole member of Windward, which breaks down the amounts owed. *Id*. By virtue of his default, Tekin has not objected to the plaintiff's calculations. After reviewing the record, the Court finds that an evidentiary hearing is not necessary and respectfully recommends that judgment should be entered in Windward's favor in the amount of $82,243.35 before the per diem interest.

### OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72;

*Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 19, 2020

                                                                                                                                   _____/s/_____
                                                                                    ARLENE R. LINDSAY
                                                                                   United States Magistrate Judge